## DEDICH et al. v. NATIONAL COAL CO. et al.

### No. 5711.

Circuit Court of Appeals, Sixth Circuit.

June 10, 1931.

R. E. Scott, of Cambridge, Ohio (R. T. Scott, of Cambridge, Ohio, on the brief), for appellants.

Chas. S. Sheppard, of Cambridge, Ohio, and H. A. Hauxhurst, of Cleveland, Ohio (Bulkley, Hauxhurst, Jamison & Sharp and Frank X. Cull, all of Cleveland, Ohio, on the brief), for appellees.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

This is an appeal from a decree dismissing a bill seeking reformation of a deed executed and delivered to appellants by the National Coal Company. The deed conveyed a tract of land in Guernsey county, Ohio, reserving to the grantor, its successors and assigns, "all of the coal, oil, gas and all other minerals in or under" the land, with "the right to drill and prospect for the same at any time," together with all necessary or convenient rights of way on the surface and under it for approaching, mining, moving and transporting "said coal and all above minerals." It is claimed by appellants that the deed erroneously excepted the oil and gas from the grant. This claim is primarily based upon two documents offered in evidence as constituting the contract of sale.

It is conceded that the National Coal Company was the owner of the property in fee in 1909. In October of that year, A. Schultz, who operated a store for the company, contracted in writing to sell the land to Mike Dedich. A few days later, on November 4th, Loomis, vice president of the coal company, entered into a new contract with Mike Dedich, in which Joe Dedich was also named as one of the purchasers. On November 22, 1909, the deed in question was made, and on December 1st the Dedichs executed a mortgage on the property to the coal company to secure the unpaid portion of the purchase price. Subsequently, in November of 1926, a receiver for the coal company, under authority of a court order, executed a lease for the oil and gas in the property to the Wiser Oil Company, which lease was filed for record in Guernsey county on December 13, 1926. During the same month the Wiser Company began drilling on the property for oil, and on March 18, 1927, the first oil well came in. On March 29, 1927, appellants made claim to the oil and gas.

It is too well settled to need citation of authority that one who seeks to reform a deed on the ground of mutual mistake, or mistake on one side and fraud on the other, must establish the mistake or fraud by clear and convincing evidence. Appellants rely, in the present case, upon the documents executed by Schultz and Loomis, the originals of which were before the court below and have been brought to this court for inspection. The accuracy of both is questioned. The Schultz document, as offered in evidence, excepts from the grant "any minerals under this ground, as coal only." Appellants contend that this phrase limited the exception to coal and did not include oil and gas. An examination of the document convinces us that the words "as coal only" were written into it by some one other than the original draftsman. It requires no expert to detect the difference in the handwritings. The lower court found as a fact that the words "were not in the original document." The Loomis document, as offered in evidence, excepted from the grant "coal and all other mineral substances but oil and gas." The word "but" is relied upon by appellee as excepting from the exception oil and gas. It is evident, from an inspection of this document, that the word was written in it by some one other than the draftsman of the document. Furthermore, the word was squeezed into a place not naturally intended for it, and it also appears that it was placed over an erasure of the symbol "&." The explanation as to why, after excepting coal and all other mineral substances, the draftsman added "& oil and gas", may be found in the circumstance that it was probably thought that oil and gas were not included within the phrase "mineral substances."

In view of the explicit terms of the deed, the time that elapsed after its execution and delivery before the Dedichs asserted claim to the oil and gas, and the testimony tending to show that on several occasions they

disclaimed ownership thereof, saying that it was in the coal company, we can give little credence to the somewhat contradictory testimony of Schultz and one of the Dedichs to the effect that it was the understanding that the oil and gas were not to be excepted from the conveyance. Although appellants were uneducated, only one of them being able to read and he but slightly, it seems incredible that they would accept a deed reserving to the grantor the oil and gas and retain it for nearly nineteen years without objection if, as they claim, they were careful to make it a condition of their contracts with Schultz and Loomis that the oil and gas should pass. Did it appear that the contracts executed by Schultz and Loomis were unchanged, we would hardly be justified, in view of the parol testimony, in overruling the decision of the District Judge. When, however, it is considered that the deed correctly states the exceptions and reservations which were embodied in both of the prior documents, if there be disregarded the words written into them by some one other than the draftsman—in one over an erasure at a place where there was no room for such a word, and in the other in a way that evidenced an awkward purpose of limiting what had been stated immediately theretofore— we entertain no doubt of the rightness of the decision of the lower court. Having reached this conclusion, it is not necessary to consider the other defenses, such as whether the rights of the Wiser Oil Company, a bona fide lessee without notice and for a valuable consideration, are paramount to the rights of appellants, even though as between appellants and the National Coal Company the deed did not express the intentions of the parties. It is sufficient that appellants failed to show that there was a mutual mistake, or a mistake on their part and fraud on the part of the coal company.

The decree is affirmed.